# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David C. Tabb,**
**Petitioner Below, Petitioner**

**vs)   No. 15-1155** (Jefferson County 13-C-432)

**The County Commission of Jefferson**
**County, West Virginia,**
**Respondent Below, Respondent**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David C. Tabb, pro se, appeals two orders of the Circuit Court of Jefferson County. In the first order, entered October 29, 2015, the circuit court (1) denied petitioner's petition to hold Respondent County Commission of Jefferson County in contempt for allegedly violating the parties' settlement agreement; and (2) dismissed with prejudice a claim that the settlement agreement allowed petitioner to refile. In the second order, entered November 30, 2015, the circuit court denied petitioner's motion to alter or amend its October 29, 2015, order. Respondent, by counsel Nathan P. Cochran, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a resident of Jefferson County, West Virginia. On December 3, 2013, petitioner filed a petition for writ of mandamus to compel respondent to hold its meetings at the Jefferson County Courthouse ("county courthouse") rather than at the Charles Town Library ("library"). Petitioner later added claims that respondent failed to post an adequate notice of its meeting place and failed to fly the United States and West Virginia flags in front of the library in accordance with West Virginia Code § 7-3-2a.

By entry of a June 17, 2014, voluntary dismissal order, the circuit court found that the parties settled petitioner's claims. First, the parties agreed that the meeting room leased by respondent in the library constituted "a proper and lawful meeting place within the [c]ounty seat at which to conduct [respondent's] meetings." The circuit court noted that respondent passed a

1

resolution designating the library as its meeting place.[1] Second, the parties agreed that respondent would post adequate notices of its meetings both at the library and the county courthouse.

With regard to petitioner's claim that respondent must fly the national and state flags at the library in compliance with West Virginia Code § 7-3-2a, the circuit court found, as follows:

> . . . However, [respondent] leases the [l]ibrary space and does not have the authority to modify the structure without the consent of the [l]ibrary. [Respondent] has been in good faith negotiations with the [l]ibrary to obtain permission to display flags outside of the [l]ibrary either near the side entrance or near the front entrance. However, the exact costs and specifications have not yet been agreed. [Respondent] hopes to obtain permission to display flags and to find the resources to cover the costs of [the] same within the next few months. *[Petitioner] agrees that the display of flags during [respondents'] meetings (weather permitting) at either side or front locations would be satisfactory and understands [that] the negotiation and installation will take some time.* . . . [N]either party deems it cost-effective to litigate the flag issue at this time when it is likely to be resolved in the near future.

(emphasis added). However, the parties agreed that petitioner retained the right to refile his claim regarding "the display of the flags" within 180 days of the dismissal order. Accordingly, the circuit court dismissed petitioner's first two claims with prejudice and dismissed his third claim without prejudice.

Petitioner subsequently refiled his claim that respondent was not flying national and state flags in accordance with West Virginia Code § 7-3-2a. On April 24, 2015, the circuit court held a hearing on respondent's efforts to comply with that part of the parties' settlement agreement. At that hearing, petitioner conceded that respondent flies flags in front of the county courthouse twenty-four hours a day, seven days a week. Respondent's executive assistant, Jessica Carroll, testified that respondent also flies flags outside the meeting room at the library during its meetings there, including public hearings. During respondent's meetings, Ms. Carroll testified that flags are installed on brass flag holders "attached . . . to the brick of the [library] building." However, the flags flown by respondent during its meetings are three feet by five feet rather than four feet by six feet, which is the preferred size under West Virginia Code § 7-3-2a. By order entered June 22, 2015, the circuit court found that "[n]either . . . [p]etitioner nor [respondent] deny the validity of the June 17, 2014, [settlement] agreement between the parties" and directed respondent to ensure its full compliance with that agreement by September 1, 2015.

On September 4, 2015, petitioner filed a petition to hold respondent in contempt for

---

[1]Respondent's December 5, 2013, resolution designating the library as its meeting place is in the record on appeal. West Virginia Code § 51-3-7 provides that, if a county courthouse "is not in a condition to be occupied," a county commission may enter an order designating another location as its meeting place. In the instant case, respondent states that its meeting room at the county courthouse is "too small and otherwise unsuitable by modern standards" for it to hold its meetings there.

2

allegedly continuing to violate the parties' June 17, 2014, settlement agreement. Following a hearing on September 24, 2015, the circuit court refused to hold respondent in contempt and instructed respondent to make inquiries of its maintenance director regarding the feasibility of flying four feet by six feet flags outside the meeting room at the library. Respondent subsequently sent the circuit court a letter stating that four feet by six feet flags would be "difficult to mount and unmount without the flags touching the ground" and would require the purchase and installation of different mountings.[2]

By order entered October 29, 2015, the circuit court denied petitioner's petition for contempt and dismissed his claim based on West Virginia Code § 7-3-2a with prejudice. The circuit court found, in pertinent part, as follows:

2.      While the [c]ourt agrees with [petitioner] that there are statutory requirements for [four feet by six feet] flags to be flown on flagpoles in the [county] [c]ourthouse, that is not the specific situation in this case.

3.      First, we are not dealing with the [county] [c]ourthouse, but the [l]ibrary meeting room, and the testimony presented shows that [respondent] flies [four feet by six feet] flags in front of the [county] courthouse in addition to the [three feet by five feet] flags at the library meeting room.

4.      Second, the [l]ibrary meeting room used by [respondent] is private property, not owned by [respondent], and [respondent] does not have an unfettered right to install flagpoles and fly flags as it chooses without obtaining permission from a third party.

5.      *Third, there is no specification of flag size or requirements for flagpoles in the June 17, 2014[, settlement agreement].*

*       *       *

7.      *In view of the above, and since there is no specification of size in the June 17, 2014[, settlement agreement], the [c]ourt* **FINDS** *that, even if [West Virginia Code] § 7-3-2a is applicable in this situation, [three feet by five feet] flags are the "appropriate size" under the circumstances in this case to keep the flags from touching the ground.* Additionally, since other, larger flags are already flying on poles in front of the [county] courthouse, the [c]ourt **FINDS** that [respondent] has met both the statutory requirements for flags and the terms of the June 17, 2014[,] and June 22, 2015[, orders].

---

[2]Respondent's letter to the circuit court is undated. However, in its October 29, 2015, order dismissing petitioner's outstanding claim with prejudice, the circuit court found—and petitioner does not dispute—that he received a copy of respondent's letter. In addition, on October 22, 2015, petitioner filed a second petition to hold respondent in contempt.

(emphasis added).

On November 18, 2015, petitioner filed a motion to alter or amend the circuit court's October 29, 2015, order.[3] By order entered on November 30, 2016, the circuit court denied petitioner's motion.

Petitioner now appeals the circuit court's October 29, 2015, order denying his petition for contempt and dismissing his claim based on West Virginia Code § 7-3-2a with prejudice.[4] Given that the October 29, 2015, order constitutes a decision to enforce the terms of the parties' settlement agreement, we review the circuit court's decision under an abuse of discretion standard. *See Burdette v. Burdette Realty Improvement, Inc.*, 214 W.Va. 448, 452, 590 S.E.2d 641, 645 (2003). To the extent that the circuit court interpreted the language of West Virginia Code § 7-3-2a, our review is de novo. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

On appeal, petitioner first contends that respondent should be required to either fly four feet by six feet flags outside of the library during its meetings there or hold its meetings at the county courthouse. We find that petitioner is precluded from arguing that respondent must hold its meetings at the county courthouse because petitioner agreed in the parties' settlement agreement that the library constituted "a proper and lawful meeting place within the [c]ounty seat at which to conduct [respondent's] meetings."[5]

Next, petitioner contends that the circuit court incorrectly found in its October 29, 2015, order that the library is a separate entity with which respondent had to negotiate in order to display the national and state flags at that location. Petitioner argues that such a finding is inconsistent with the findings set forth in the June 17, 2014, voluntary dismissal order. In the voluntary dismissal order, the circuit court memorialized the parties' settlement agreement and, based on that agreement, found that the library should be considered part of the county courthouse during respondent's meetings there.

Based on our review of the two orders, we find that the June 17, 2014, voluntary dismissal order is harmonious with the October 29, 2015, order because the circuit court made findings in the earlier order that respondent was leasing the meeting room from the library, which required respondent to negotiate with the library as to the manner in which respondent would display flags outside its meeting room. Significantly, based on those findings, the circuit court ruled that petitioner agreed that "the display of flags [only] during [respondents'] meetings . . . would be

---

[3]Respondent filed a response to petitioner's motion on November 25, 2015.

[4]While petitioner also appeals the circuit court's November 30, 2015, order denying his motion to alter or amend the October 29, 2015, order, petitioner concedes that this Court has no reason to independently analyze the denial of the motion to alter or amend because that denial constituted a reaffirmation of the October 29, 2015, order which petitioner also appealed.

[5]*See* fn.1, *supra*.

4

satisfactory" and that "the negotiation and installation" of the flags would take some time. In its October 29, 2015, order, the circuit court further ruled—and we concur—that there was no specification of flag size or requirements for flagpoles in the parties' settlement agreement. Therefore, we conclude that the circuit court did not err in finding that respondent complied with the terms of the settlement agreement regarding the display of the national and state flags.

With regard to West Virginia Code § 7-3-2a, petitioner contends that respondent is required to display four feet by six feet flags outside the library during its meetings there. Respondent counters that West Virginia Code § 7-3-2a permits the display of the smaller three feet by five feet flags at the library because the larger flags could touch the ground during their mounting and dismounting. We agree with respondent.

West Virginia Code § 7-3-2a provides that (1) respondent shall display United States and West Virginia flags at "the [county] courthouse";[6] and (2) the flags displayed by respondent shall be "four feet by six feet in dimensions . . . *or of other appropriate size[.]*" (emphasis added). We find that the three feet by five feet flags displayed by respondent at the library are "of [an]other appropriate size" because the smaller flags can be mounted and dismounted without risk that they may touch the ground. Therefore, we conclude that the circuit court did not err in finding that respondent is in compliance with West Virginia Code § 7-3-2a.

For the foregoing reasons, we affirm the circuit court's October 29, 2015, order denying petitioner's petition for contempt and dismissing his claim based on West Virginia Code § 7-3-2a with prejudice, and the court's November 30, 2015, order denying his motion to alter or amend the October 29, 2015, order.

Affirmed.

**ISSUED:** November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[6]Like the circuit court, we concur that West Virginia Code § 7-3-2a requires the display of the national and state flags at the library during respondents' meetings there. With regard to the display of flags in front of the county courthouse, it is undisputed that national and state flags fly outside of that location all day, every day.